UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

                Plaintiff

    vs.                                8:07-CR-200
                                         (GLS)

DANNY THERIAULT,

                Defendant.
_____

**APPEARANCES:**              **OF COUNSEL:**

**FOR THE UNITED STATES:**

Hon. Glenn T. Suddaby         CARL G. EURENIUS
United States Attorney          Assistant U.S. Attorney
100 South Clinton Street
Syracuse, New York 13261-0663

**FOR DANNY THERIAULT:**

Office of William J. Gray        WILLIAM J. GRAY, ESQ.
112 State Street
Albany, New York 12207

**Gary L. Sharpe**
**District Court Judge**

## Decision and Order

Together with six others, Danny Theriault has been charged with marijuana distribution and importation conspiracies. *See Indictment, Dkt. No. 1; see also* 21 U.S.C. §§ 846, 963. Pending are omnibus cross-

motions filed by the government and Theriault. *See* FED. R. CRIM. P. 12(b); *see also Gov't Motion, Dkt. Nos. 64, 66-67; Theriault Motion, Dkt. Nos. 74, 76-77; Gov't Response, Dkt. No. 79.*

In discovery, the government disclosed statements made by Theriault to the police. *See* FED. R. CRIM. P. 16(a)(1)(B); *see also Gov't Summary of Rule 16 Disclosures, Dkt. No. 79-3.* The government and Theriault agree that the admissibility of those statements is dependent on the court's decision following a suppression hearing. The parties agree that if the statements are admissible, the court should grant the government's motion to sever Theriault because his statements will prejudice his co-defendants.[1] *See* FED. R. CRIM. P. 14. Therefore, the government's motion to sever Theriault for trial is denied with leave to renew following the court's decision on Theriault's motion to suppress.

Turning to the remaining relief sought by Theriault, he requests judicial review of the grand jury minutes to determine if sufficient evidence supports the charge of "Kidnaping in the Second Degree." The court

---

[1] Theriault's agreement is difficult to discern because he simultaneously moves to sever, but opposes the government's motion to sever. A fair reading of his opposition reflects his belief that his statements should be suppressed which would then negate the basis for the government's motion. Of course, that does not explain his motion to sever. In any event, he provides no factual or legal support for his motion. Therefore, to the extent he separately seeks severance, his motion is denied.

presumes that Theriault has simply extracted boilerplate from an unrelated state court motion because there is no kidnaping charge in this federal indictment.  In any event, the motion fails to establish or even assert "particularized need" or "compelling necessity," either of which might support his application.  *See United States v. Elliott*, 363 F. Supp. 2d 439, 451 (N.D.N.Y. 2005) (citations omitted).  Therefore, it is denied.  Theriault also seeks to join co-defendants' motions.  His motion is denied as moot since there are no such motions.

   Lastly, Theriault seeks a bill of particulars specifying all conspiratorial acts and other evidentiary details related to the indicted conduct.  *See Gray Aff., Dkt. No. 74; Supplemental Theriault MOL, Dkt. No. 74-2; see also* FED. R. CRIM. P. 7(f).  While the decision to grant his request is discretionary, *see United States v. Chen*, 378 F.3d 151, 162-63 (2d Cir. 2004), the exercise of that discretion is dependent on a demonstrated need to prepare a defense or avoid surprise at trial.  *See United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990) (citations omitted).  Theriault has demonstrated no such need.  Furthermore, acquisition of evidentiary detail is not the purpose of a bill of particulars.  *Id.* at 234.  So too, extensive discovery disclosed by the government together with supplemental oral and written disclosures

can obviate the need for a bill of particulars. *See Chen*, 378 F.3d at 163. Here, not only did the government fully comply with its discovery obligations, it even disclosed a copy of its power point presentation to the grand jury. *See Gov't Summary of Rule 16 Disclosures, Dkt. No. 79-3*. Additionally, the indictment details the manner and means by which the named co-conspirators committed the offenses. *See Indictment at pp. 2-3, Dkt. No. 1; cf. Elliott*, 363 F. Supp. 2d at 450. And, the government has recited further evidentiary detail in its motion response. *See Gov't Response, Dkt. No. 79-3*. When a conspiracy is charged, the government need not disclose the date a defendant is alleged to have joined the conspiracy, other known and unknown co-conspirators, precise dates and locations when and where the defendant assisted the conspiracy, and the means by which the defendant furthered the conspiracy. *See United States v. Cephas*, 937 F.2d 816, 823 (2d Cir. 1991). Accordingly, Theriault's motion for a bill of particulars is denied.

For the reasons recited herein, it is hereby

**ORDERED** that the government's motion for a severance (*Dkt. Nos. 64, 66-67*) is **DENIED** with leave to renew following a suppression hearing; and it is further

**ORDERED** that Theriault's motion seeking judicial review of the grand jury minutes, severance, permission to join co-defendants' motions, and a bill of particulars is **DENIED**; and it is further

**ORDERED** that the Clerk schedule a suppression hearing.

**SO ORDERED.**

Date:  December 12, 2007
       Albany, New York

*Gary L. Sharpe*
U.S. District Judge